IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-20005-JWL |
| ) | |
| VIRGIL WINSTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 93). Because defendant has not satisfied the exhaustion requirement for relief under that statute, the motion is **dismissed for lack of jurisdiction**.

18 U.S.C. § 3582(c)(1)(A) allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* As this Court has previously ruled, the requirement is jurisdictional and cannot be waived. *See United States v. Trevino*, No. 07-20168-JWL (D. Kan. May 15, 2020) (slip. op.) (Lungstrum, J.) (citing *United States v. Wright*, 2020 WL 2306898, at *2 & n.11 (D. Kan. May 8, 2020) (citing cases)).

Defendant asserts that he has satisfied this requirement because he submitted a request to the warden of his facility on March 4, 2020, which the warden subsequently denied, and he filed the instant motion on April 27, 2020, after more than 30 days had passed since the request. As the Government points out, however, defendant's request to the warden and the instant motion cite two entirely distinct bases for the relief requested. In his motion, defendant's seeks relief based on the COVID-19 virus and his specific medical conditions. In his request to the warden, defendant requested relief under Section 3582 solely because he would not receive as harsh a sentence if sentenced today, and the warden specifically addressed that basis in denying the request. Defendant did not mention the virus or any adverse medical condition in that request; to the contrary, he stated in the request that he was "healthy" and that he "[did] not foresee any health care issues in the near future." Thus, the warden would have had no reason to consider the virus and defendant's medical condition in deciding whether to make a motion on defendant's behalf.

If the exhaustion requirement is to have any meaning, a defendant must at least cite the particular basis for relief in his request to the warden, so that the warden and the Bureau of Prisons may have a real opportunity to make a motion on the defendant's behalf. Indeed, the administrative procedure for submitting such a request requires that the request contain, at a minimum, "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." *See* 28 C.F.R. 21 § 571.61(a). If a defendant has not submitted a request to the warden citing the particular basis for his motion under Section 3582, he cannot be said to have satisfied the statute's exhaustion requirement. *See, e.g.*, *United*

*States v. Chappell*, 2020 WL 3415229, at *2-3 (S.D.N.Y. June 22, 2020); *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020).[1]

Accordingly, because defendant has not satisfied the exhaustion requirement,[2] this Court lacks jurisdiction to consider the merits of his motion under Section 3582(c)(1)(A), and the motion is hereby dismissed.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 93) is hereby **dismissed for lack of jurisdiction**.

IT IS SO ORDERED.

Dated this 8th day of July, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[1] In *United States v. Ward*, 2020 WL 3469732 (M.D. Tenn. June 25, 2020), *appeal filed* (6th Cir. July 1, 2020), the court stated that Section 3582 does not require a request in compliance with the regulation and that the statute thus leaves open the possibility that a "general, non-specific request is sufficient." *See id.* at *6. In the present case, however, defendant did not submit a non-specific request that might have prompted investigation or a demand for more information; rather, defendant cited a specific reason that the warden addressed and rejected. The Court concludes that such a request does not satisfy the statute's exhaustion requirement. Defendant has not cited, and the Court has not located, any case in which a court deemed the exhaustion requirement to have been satisfied by a request citing only a specific unrelated basis for relief.

[2] Defendant did not indicate in his reply brief that he has submitted a new request to the warden based on the COVID-19 virus and his medical condition.