IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-20005-JWL |
| | ) | |
| VIRGIL WINSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's amended *pro se* motion[1] for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 100).  For the reasons set forth below, the Court **grants** the motion.

## I.    **Background**

On July 13, 2006, a jury convicted defendant of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On November 6, 2006, the Court sentenced defendant to a term of imprisonment of 235 months and a three-year period of supervised release.  The Court determined that defendant had at least three prior convictions for violent felonies or serious drug offenses, and that he therefore qualified for an enhanced sentence

---

[1] The Federal Public Defender's Office declined to get involved with this motion initially, but it subsequently entered an appearance to file a reply brief on defendant's behalf.

under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Because of that designation, defendant was subject to a mandatory minimum sentence of 15 years, and the sentencing guidelines provided an advisory range of 188 to 235 months.  In imposing a sentence at the high end of that range, the Court cited defendant's history, beginning as a juvenile, of antisocial and dangerous behavior.

Defendant has been in custody for this offense since May 26, 2006, and he is presently incarcerated at FCI Elkton.  Defendant asserts that his current release date is in January 2023; the Government states that his projected good-time release date is February 19, 2023.  Defendant now moves for a reduction of his sentence to time served, pursuant to Section 3582.

## II.   <u>Exhaustion</u>

18 U.S.C. § 3582(c)(1)(A) allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See id.*  On July 8, 2020, the Court ruled that defendant had not satisfied this exhaustion requirement before bringing his initial motion for compassionate release under Section 3582 because his request to the warden cited a different basis for relief (his argument that he would not receive as harsh a sentence if sentenced today for the same offense) than the basis cited in the motion (the COVID-19 pandemic and his specific medical conditions).  The Court thus dismissed the motion for lack of jurisdiction.

In his amended motion, filed on December 7, 2020, defendant states that he submitted a written request to his warden on October 8, 2020, in which he requested early release because of his medical issues and the COVID-19 virus. Defendant has attached a copy of that request to his motion, and he asserts that he has received no response to his request. Thus, it appears that defendant made a request to the warden more than 30 days before he filed his motion, as required by the statute. The Government does not dispute that defendant has satisfied the exhaustion requirement this time. The Court will therefore exercise jurisdiction and consider the motion on its merits.

### III.   <u>Analysis</u>

Section 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons." *See id.* The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases). A court exercises its discretion in ruling on such a motion. *See id.* (citing cases).

The applicable statute provides that a court, after considering the applicable Section 3553(a) factors, may reduce a sentence if it finds that extraordinary and compelling reasons warrant the reduction and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement may be found at U.S.S.G. § 1B1.13. In Section 1B1.13, the

Sentencing Commission added the requirement that the defendant not be a danger to the safety of another person or the community.  *See id.*

### A.  *Extraordinary and Compelling Reasons*

Defendant argues that extraordinary and compelling reasons for his immediate release exist because of his age and medical condition, which create an increased risk of his serious harm from the ongoing COVID-19 coronavirus pandemic.  Defendant is now 64 years old, and as conceded by the Government based on his medical records, he suffers from chronic obstructive pulmonary disease (COPD), diabetes, and hypertension, and has undergone prostate surgeries.  The Government concedes that, under Department of Justice policy, an inmate with a documented condition identified by the Centers for Disease Controls (CDC) as one that creates a higher risk of harm from COVID-19 – including COPD and diabetes – from which the inmate is not expected to recover is deemed to have established an extraordinary and compelling reason for compassionate release under Section 3582.  Thus, the Government does not dispute in this case that defendant's age and medical condition, which place him at a higher risk of serious harm from the virus, provide the necessary "extraordinary and compelling reason" for defendant's immediate release.[2]

### B.  *Danger to the Community / Section 3553(a) Factors*

As noted above, even if extraordinary and compelling reasons for relief exist, the Court must still consider whether release is appropriate in light of the Section 3553(a) factors and whether the defendant would be a danger to the safety of the community.

---

[2] In addition, according to the Bureau of Prisons website, more than half of Elkton FCI's 1,400 inmates have contracted the virus at some point.

Section 3553(a) provides that in determining a sufficient sentence, a court should consider various factors, including the nature of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, provide a just punishment, provide adequate deterrence, and protect the public; the applicable sentencing guideline range; and the need to avoid unwarranted disparities among similar defendants guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

In opposing the present motion on the basis of the Section 3553(a) factors, the Government relies primarily on defendant's extensive prior criminal history, which it argues also calls into question whether defendant's release would present a danger to the community. The Government also notes that defendant has been cited for numerous disciplinary infractions while serving his present sentence. The Government argues that the need for a just punishment that reflects a respect for the law demands that defendant serve the two years remaining in his sentence.

The Court concludes in its discretion, however, that a reduction of defendant's sentence to time served is appropriate upon consideration of both the extraordinary and compelling reason presented by his increased medical risk and the Section 3553(a) factors relating to the imposition of a sufficient sentence for his offense. Defendant's prior history was accounted for through the enhancement of his sentence as an armed career criminal under Section 924(e), which designation led to a 15-year minimum sentence and a sentencing range of 188 to 235 months. If he had received a sentence in the middle of that range, his term of imprisonment would now be ending. Thus, there would be no real sentence disparity here, as he has already served the average term for this offense for an

5

armed career criminal.  At the same time, the extraordinary and compelling circumstance of his medical risk may only be remediated by an immediate release.  The Court thus concludes that defendant has served a sufficient sentence, and a reduction to time served is warranted.

The Government also cites defendant's disciplinary record, but it appears from records submitted with the Government's brief that none of those infractions involved physical violence or weapons, and that defendant has had only one infraction of any kind since 2016.  In light of that recent record of non-violence, which the Court deems more relevant than prior offenses committed more than 15 years ago, the Court is persuaded that defendant's release a mere two years early, after serving nearly 15 years in prison, does not present a danger to the community.  The Court notes in that regard, that defendant remains subject to the supervision of the United States Probation Office, as his three-year term of supervised release remains in effect.[3]

The Court therefore grants the motion, and defendant's sentence is hereby reduced to time served.  The Court will enter a separate order effecting defendant's release.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 100) is hereby **granted**.

---

[3] The Probation Office has approved defendant's release plan.

6

IT IS SO ORDERED.

Dated this 27th  day of January, 2021, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge